**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| COCA-COLA COMPANY & | ) | |
| SUBSIDIARIES | ) | |
| One Coca-Cola Plaza NW | ) | |
| Atlanta, GA 30313-2420 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:17-cv-00134 |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| 1111 Constitution Avenue NW | ) | |
| Washington, D.C. 20224 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, The Coca-Cola Company & Subsidiaries (collectively, "Coca-Cola"), brings

this action for injunctive relief and damages against the Internal Revenue Service ("Defendant")

to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

## NATURE OF THE ACTION

1.      Coca-Cola seeks records in Defendant's control that relate to Defendant's

administrative audit of Coca-Cola's federal income tax returns for the tax years 2005 through

2009.  Coca-Cola requested the records at issue under the FOIA on October 6, 2015.  Defendant

has not claimed that the records do not exist, that Defendant does not have control of them, or

that Coca-Cola is not entitled to them.  Defendant has had over 14 months to disclose the

records.  As of the date of this filing, Defendant has withheld all requested records in response to

Coca-Cola's FOIA requests.  Defendant has not claimed that any exemption allows such

withholding.  Coca-Cola brings this action to compel Defendant to disclose the records to which

Coca-Cola is entitled.

**JURISDICTION**

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

3.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B)  and 28 U.S.C § 1391(e).

**PARTIES**

4.      Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business at One Coca-Cola Plaza NW, Atlanta, Georgia, 30313-2420. Coca-Cola is a global business in the non-alcoholic ready-to-drink beverage industry with beverage products sold in more than 200 countries.  Coca-Cola's products include sparkling soft drinks, purified bottled water, sports drinks, juice drinks, teas and coffees, and energy drinks.

5.      Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) with its headquarters at 1111 Constitution Avenue NW, Washington, D.C. 20224. Defendant is responsible for the administration and enforcement of the federal tax laws. Defendant is subject to the FOIA.  Defendant has control of the records which Coca-Cola seeks and is responsible for fulfilling Coca-Cola's FOIA requests.

**STATEMENT OF FACTS**

6.      The FOIA requires federal government agencies to release requested agency records to the public unless one or more specific statutory exemptions apply.  5 U.S.C. § 552(a)(3)(A).

7.      Records are agency records subject to the FOIA if the agency created or obtained them and the agency controlled them when the FOIA request is made.

8.      Coca-Cola is seeking the production of agency records that Defendant improperly withheld in response to three FOIA requests Coca-Cola submitted on October 6, 2015.

9.      **The 2005-2006 Administrative File Request**.  Coca-Cola requested records related to or arising from Defendant's examination of Coca-Cola's tax years ending December 31, 2005 and December 31, 2006 (the "2005-2006 Administrative File Request").

10.     Coca-Cola filed the 2005-2006 Administrative File Request on October 6, 2015. The 2005-2006 Administrative File Request sought access to all records maintained in Defendant's examination administrative files, tax litigation files, and related files concerning Defendant's audit of Coca-Cola's 2005 and 2006 federal income tax years.

11.     To facilitate Defendant's search and disclosure, the 2005-2006 Administrative File Request included the names of specific forms as examples of records that were within the scope of the 2005-2006 Administrative File Request.  The 2005-2006 Administrative File Request also included the names and titles of specific employees of Defendant as examples of individuals likely to possess records within the scope of the 2005-2006 Administrative File Request.

12.     **The 2007-2009 Administrative File Request**.  Coca-Cola requested records related to or arising from Defendant's examination of Coca-Cola's tax years ending December 31, 2007, December 31, 2008, and December 31, 2009 (the "2007-2009 Administrative File Request").

13.     Coca-Cola filed the 2007-2009 Administrative File Request on October 6, 2015. The 2007-2009 Administrative File Request sought access to all records maintained in Defendant's examination administrative files, tax litigation files, and related files concerning Defendant's audit of Coca-Cola's 2007, 2008, and 2009 federal income tax years.

14.     To facilitate Defendant's search and disclosure, the 2007-2009 Administrative

File Request included the names of specific forms as examples of records that were within the

scope of the 2007-2009 Administrative File Request.  The 2007-2009 Administrative File

Request also included the names and titles of specific employees of Defendant as examples of

individuals likely to possess records within the scope of the 2007-2009 Administrative File

Request.

15.     **The Examination Contractor Request**.  Coca-Cola requested records arising

from Defendant's engagement of Innovation & Information Consultants, Inc. ("IIC") or Premier

Quantitative Consulting, Inc. ("PQC"), to assist Defendant in Defendant's examination of Coca-

Cola's tax years ending December 31, 2005 and December 31, 2006, and in Defendant's

examination of Coca-Cola's tax years ending December 31, 2007, December 31, 2008, and

December 31, 2009 (the "Examination Contractor Request").

16.     Coca-Cola filed the Examination Contractor Request on October 6, 2015.  The

Examination Contractor Request sought access to all records maintained by IIC or PQC relating

to IIC's or PQC's provision of valuation, economic, transfer-pricing, or other assistance to

Defendant in connection with Defendant's examinations of any of Coca-Cola's 2005 through

2009 tax years.

17.     At Defendant's request, individuals employed by or affiliated with IIC or PQC

participated in Defendant's examinations of Coca-Cola's 2005 through 2009 tax years.  The

assistance IIC or PQC provided Defendant included preparing interview questions and

interviewing Coca-Cola employees and third-parties, drafting and recommending administrative

document requests that Defendant ultimately served on Coca-Cola, and receiving from

Defendant and analyzing Coca-Cola's documents and financial and tax information.

18.     Defendant engaged IIC or PQC for assistance with Defendant's examinations in the course of Defendant's official duties.  Defendant oversaw the creation of the records relating to IIC's or PQC's assistance with Defendant's examinations.  Defendant made use of the records relating to IIC's or PQC's assistance with Defendant's examinations.  Defendant relied on the records relating to IIC's or PQC's assistance with Defendant's examinations.  At the time Coca-Cola filed the Examination Contractor Request, Defendant controlled the records relating to IIC's or PQC's assistance with Defendant's examinations.

19.     To facilitate Defendant's search and disclosure, the Examination Contractor Request included the names and titles of specific individuals employed by, or affiliated with, IIC or PQC as examples of individuals likely to possess records within the scope of the Examination Contractor Request.

20.     **Defendant's Failure to Disclose**.  By letter dated November 12, 2015, Frederick O. Crismon, Defendant's Disclosure Manager for Disclosure Office 8, responded to each FOIA request in one letter which assigned the three FOIA requests "case number F16289-0114."  Mr. Crismon's letter notified Coca-Cola that Defendant would be unable to send the information Coca-Cola requested "by November 13, 2015, which is the 20 business-day period allowed by law."  In the same letter, Defendant notified Coca-Cola that Defendant had "extended the statutory response date to November 30, 2015, after which [Coca-Cola] can file suit."  Also in the same letter, Defendant stated that "[u]nfortunately, we will still be unable to locate and consider release of the requested records by November 30, 2015" and again informed Coca-Cola that it could "file suit after November 30, 2015."

21.     Mr. Crismon sent four additional letters to Defendant, none of which claimed that the requested records do not exist, that Defendant does not have control of them, that Coca-Cola

is not entitled to them, or that any exemption allows Defendant to withhold the requested

records.  The last such letter was dated November 29, 2016 and stated "I will contact you by

February 28, 2017 if I am still unable to complete your request."

22.     None of Mr. Crismon's letters explained the search Defendant conducted for the

records Coca-Cola requested or claimed that any such search was reasonable.

23.     As of the date of the filing of this Complaint, Defendant has not disclosed a single

record in response to Coca-Cola's 2005-2006 Administrative File Request, 2007-2009

Administrative File Request, or Examination Contractor Request.

24.     Coca-Cola did not agree to any extension of time with respect to the FOIA's

statutory deadlines.

25.     Because Defendant has failed to comply with the FOIA's time limit provisions,

Coca-Cola is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

26.     Defendant cannot show that exceptional circumstances exist and that Defendant is

exercising due diligence in responding to Coca-Cola's request because Defendant has not

produced a single record in response to Coca-Cola's FOIA requests in the 14 months Coca-

Cola's requests have been outstanding, has not described the search Defendant conducted (if

any), has not claimed that any such search was reasonable, has not explained the scope of the

records at issue, and has not provided a status of Defendant's review.

27.     Upon complaint, this Court "has jurisdiction to enjoin the agency from

withholding agency records and to order the production of any agency records improperly

withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

28.     Coca-Cola is entitled to reasonable attorney fees and other litigation costs

reasonably incurred in prosecuting this action in accordance with 5 U.S.C. § 552(a)(4)(E).

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF FOIA

29. Coca-Cola repeats and incorporates by reference paragraphs 1-28.

30. Defendant is subject to the FOIA.

31. Coca-Cola properly requested in the 2005-2006 Administrative File Request records within Defendant's control in accordance with the FOIA.

32. Coca-Cola is entitled under the FOIA to the records requested in the 2005-2006 Administrative File Request.

33. Defendant did not conduct an adequate search for the records requested in the 2005-2006 Administrative File Request.

34. Defendant failed to comply with statutory deadlines imposed by the FOIA.

35. Defendant improperly withheld the records requested in the 2005-2006 Administrative File Request in violation of the FOIA.

36. Coca-Cola exhausted its administrative remedies with regard to the wrongfully withheld records requested in the 2005-2006 Administrative File Request.

### COUNT II
### VIOLATION OF FOIA

37. Coca-Cola repeats and incorporates by reference paragraphs 1-36.

38. Defendant is subject to the FOIA.

39. Coca-Cola properly requested in the 2007-2009 Administrative File Request records within Defendant's control in accordance with the FOIA.

40. Coca-Cola is entitled under the FOIA to the records requested in the 2007-2009 Administrative File Request.

41.     Defendant did not conduct an adequate search for the records requested in the 2007-2009 Administrative File Request.

42.     Defendant failed to comply with statutory deadlines imposed by the FOIA.

43.     Defendant improperly withheld the records requested in the 2007-2009 Administrative File Request in violation of the FOIA.

44.     Coca-Cola exhausted its administrative remedies with regard to the wrongfully withheld records requested in the 2007-2009 Administrative File Request.

**COUNT III**
**VIOLATION OF FOIA**

45.     Coca-Cola repeats and incorporates by reference paragraphs 1-44.

46.     Defendant is subject to the FOIA.

47.     Coca-Cola properly requested in the Examination Contractor Request records within Defendant's control in accordance with the FOIA.

48.     Coca-Cola is entitled under the FOIA to the records requested in the Examination Contractor Request.

49.     Defendant did not conduct an adequate search for the records requested in the Examination Contractor Request.

50.     Defendant failed to comply with statutory deadlines imposed by the FOIA.

51.     Defendant improperly withheld the records requested in the Examination Contractor Request in violation of the FOIA.

52.     Coca-Cola exhausted its administrative remedies with regard to the wrongfully withheld records requested in the Examination Contractor Request.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

(a)     order Defendant to conduct a reasonable search for all documents and records responsive to Coca-Cola's FOIA requests;

(b)     enjoin Defendant from withholding and order Defendant to produce to Coca-Cola the documents and records that Coca-Cola's FOIA requests seek, in accordance with 5 U.S.C. § 552(a)(4)(B);

(c)     assess against Defendant the reasonable attorneys' fees and other litigation costs Coca-Cola reasonably incurred in prosecuting this action, in accordance with 5 U.S.C. § 552(a)(4)(E); and

(d)     award Coca-Cola such other relief as this Court considers just and proper.

Respectfully submitted,


Dated:  January 19, 2017                    /s/ Bryan M. Killian
                                            Bryan M. Killian
                                            (Bar No. 989803)
                                            Morgan, Lewis & Bockius LLP
                                            2020 K Street, NW
                                            Washington, D.C. 20006
                                            Phone: (202) 373-6782
                                            Fax:    (202) 373-6001
                                            Email: bryan.killian@morganlewis.com

                                            /s/ Robert R. Martinelli
                                            Robert R. Martinelli
                                            (Bar No. 499294)
                                            Morgan, Lewis & Bockius LLP
                                            1111 Pennsylvania Avenue, NW
                                            Washington, D.C. 20004
                                            Phone: (202) 739-5929
                                            Fax:    (202) 739-3001
                                            Email: robert.martinelli@morganlewis.com